### WILSON *v.* BURR *et al.*

*Lumpkin, J.*—1. It is competent for a judge of the superior court, in order to facilitate the transaction of business, to set cases for trial on particular days; and, in this connection, to adopt a rule of practice making it incumbent upon every party to notify his witnesses of the day upon which his case is set for trial. In a court where such a rule prevails, a party who does not comply with this requirement is not entitled, as matter of right, to a continuance because of the absence of a material witness who, though he had previously been duly subpœnaed, had not been notified upon what day his attendance would be necessary.

2. The charge relating to the number and credibility of witnesses, as qualified and explained by the additional charge given in this connection, was substantially in conformity to the rule upon this subject announced in *Dowdell* v. *Neal*, 10 *Ga.* 148, the real meaning of which is stated in *Corniff* v. *Cook*, 95 *Ga.* 61.

3. The evidence being conflicting upon the main questions of fact involved, and the verdict being sufficiently supported; and no material error (if any at all) having been committed, this court will not control the discretion of the trial judge in refusing to grant a new trial.        *Judgment affirmed.*
August 5, 1895.

Dispossessory warrant. Before Judge Hunt. Pike superior court. October term, 1894.

Burr and Daniel sued out a warrant to dispossess Wilson, as a tenant holding over, of certain described land. By counter-affidavit Wilson claimed that plaintiffs never

had title to the dwelling-house and premises occupied by him, containing about twenty acres and included in the tract described in the warrant, and that he never held said twenty acres as their tenant. The evidence is conflicting as to the disputed matter, but according to the record the preponderance is with the plaintiffs. The verdict was in their favor, and defendant's motion for a new trial was overruled.

1. One of the grounds of the motion assigns error on the denial of a continuance for the absence of the county surveyor, who, according to the showing made in support of the motion to continue, was a very material witness for defendant, and would have corroborated his testimony. It appears, however, that the case had been passed at a previous term to enable defendant to procure the attendance of the surveyor, and set for a day toward the latter part of that term, on which day counsel for the parties agreed to continue it and set it for the first day of the term at which it was tried; and that under the rules setting cases, it was incumbent on parties to notify their witnesses of the day on which cases were set for trial.

2. Error was assigned on the following part of the court's charge: "In civil cases where there is a conflict of evidence between the witnesses, the jury should be controlled in their finding by the preponderance of the evidence; and where the witnesses are equally credible, and one witness testifies to one thing on one side and two testify to the contrary on the other side, the preponderance would be in favor of the side on which the two testified, and the side having the preponderance would be entitled to recover." To this the court added, that in passing on the credibility of witnesses the jury would take into consideration their interest, the manner in which they testified, their opportunity of knowing facts about which they testified; and that while the jury should make a verdict to

v 97-17

accord with the preponderance of the testimony, it was for them in so doing to give such credit to witnesses as they deserved—after all it was a question as to what was the truth, and the verdict should speak the truth.

3. The motion was also alleged that the verdict was contrary to law and evidence, and contained other alleged grounds not material to be reported.

*Hammond & Cleveland,* for plaintiff in error.
*J. S. Boynton* and *R. T. Daniel,* contra.